Diana Mandell VOSS, Respondent,

v.

John DUERSCHERL, father of Terry Allan Duerscherl, deceased, Appellant.

No. C5-85-1888.

Court of Appeals of Minnesota.

April 1, 1986.

Tom Foley, Ramsey Co. Atty., Brad A. Johnson, Asst. Co. Atty., St. Paul, for respondent.

Seth M. Colton, Philip T. Colton, Maun, Green, Hayes, Simon, Johanneson & Brehl, St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ.

## OPINION

POPOVICH, Chief Judge.

This case began with respondent's filing of a paternity summons and complaint against the putative father. Prior to his court-ordered blood testing, the putative father died. His father, brother, and sister were subsequently ordered to submit to blood testing. Appellant putative grandfather claims (1) the trial court erred in determining its personal jurisdiction over appellant, (2) Minn.Stat. § 257.62, subd. 1 (1984) permitting blood testing of relatives was improperly applied retroactively, (3) the trial court erred in concluding a previous order was res judicata, and (4) his due process and privacy rights were violated. We dismiss.

## FACTS

A son was born to respondent Diana Mandell Voss on December 9, 1969. On May 20, 1982, summons and complaint to determine paternity (nonpublic assistance) was served on the putative father, Terry Allan Duerscherl. On June 23, 1982, the first trial court ordered each natural party and the child submit to a blood test. The putative father died on July 23, 1982 prior to his scheduled testing. Respondent then sought blood testing of Terry Duerscherl's father John Duerscherl, his brother Jon Jay Duerscherl, and his sister Gloria Duerscherl DeWolfe through a series of motions and orders.

On August 30, 1982, the second trial court concluded the paternity suit was commenced in compliance with Minn.Stat. § 257.58 (regarding statute of limitations), and on December 14, 1982 substituted as the party defendant Kay L. Howard, decedent's personal representative, for Terry Duerscherl. The second trial court also denied respondent's motion to require blood tests of decedent's relatives because the relatives were not parties to the action. In January 1983, respondent's motion to join decedent's relatives as additional parties defendant and to require blood tests of those relatives was withdrawn.

In 1983, the Minnesota Legislature amended the parentage act, specifically that section regarding blood tests. The statute was amended to read:

Subdivision 1. **BLOOD TESTS REQUIRED.** The court may, and upon request of a party shall, require the child, mother, or alleged father to submit to blood tests ~~or genetic tests, or both~~. If the alleged father is dead, the court may, and upon request of a party shall, require the decedent's parents or brothers and sisters or both to submit to blood tests. However, in a case involving these relatives of an alleged father, who is deceased, the court may refuse to order blood tests if the court makes an express finding that submitting to the tests presents a danger to the health of

one or more of these relatives that outweighs the child's interest in having the tests performed. Unless the person gives consent to the use, the results of any blood tests of the decedent's parents, brothers, or sisters may be used only to establish the right of the child to public assistance including but not limited to social security and veterans' benefits. The tests shall be performed by a qualified expert appointed by the court.

1983 Minn.Laws ch. 308, § 8 (amending Minn.Stat. § 257.62, subd. 1). The amendment's effective date was June 10, 1983.

On July 18, 1983, the probate division court discharged Kay L. Howard as personal representative. On September 8, 1983 a fourth trial court denied respondent's motion for blood tests of decedent's relatives because the relatives had no notice of the hearing or the motion.

On February 16, 1984, the second trial court substituted as defendant decedent's father John Duerscherl. Decedent's father, brother and sister were ordered to submit to blood tests pursuant to Minn. Stat. § 257.62, subd. 1. The putative father's relatives did not appear for testing. On December 17, 1984, a fifth trial court issued an order served on decedent's father and brother to show cause for contempt of court for failure to appear at the court-ordered blood test. Decedent's sister was unavailable for service.

On February 28, 1985, a sixth trial court denied the contempt motion because of ambiguity regarding receipt of specific notice and John Duerscherl's physical condition. The court also found:

> That this Court has jurisdiction over the subject matter of this motion and personally over the parties by virtue of the order entered on February 16, 1984, and by virtue of the present order to show cause served on John Duerscherl and Jon Jay Duerscherl on January 28, 1985.
>
> \* \* \* \* \* \*
>
> That during the course of the hearing, Mr. Bans, representing the Duerscherls, submitted to the Court his argument that

M.S. 257.62 does not apply to the instant matter, because Terry Allen Duerscherl was deceased in July, 1982, and the provisions of M.S. 257.62 are effective as of June 10, 1983. To require these parties to submit to blood tests would require a retroactive application of M.S. 257.62; and accordingly, would be illegal.

Notwithstanding counsel's argument, the order requiring blood tests dated February 16, 1984, is res judicata. The order was not appealed, and John and Jon Jay Duerscherl were represented by John Gisselquist, Esquire, who filed a memorandum in opposition to the original order. The Court cannot entertain further legal arguments absent an appeal or motion to vacate that order.

On April 9, 1985, a referee denied appellant Duerscherl's motion to vacate the February 28, 1985 order or alternatively to dismiss the action in its entirety. On April 18, 1985, appellant filed notice of review of April 9, 1985 order pursuant to Minn.R. Civ.P. 53. On May 21, 1985 the matter was remanded by a seventh trial court to a second referee for determination whether the court had personal jurisdiction over appellant. The incorporated memorandum stated:

> The Court has a serious question as to whether persons can be subjected to a blood test without being made parties to litigation. The Court has grave doubts as to whether M.S.A. § 257.62, subd. 1, intends that blood tests be ordered without those persons whose blood is to be drawn being made parties before the order is put into effect. Under our Minnesota Rules of Civil Procedure, there is no provision for substitution of parties unless a formal complaint is served. It is simply a matter of due process. Consequently, this matter is being remanded in order that the Referee determine whether this Court has personal jurisdiction over John Duerscherl, Jon Jay Duerscherl and Gloria Duerscherl DeWolf.

On September 18, 1985, the second referee issued an order approved by the

eighth trial court stating the February 16, 1984 order remained in full force and effect, saying:

That the parties from whom the blood tests have been sought have suffered no prejudice, having received full notice, an opportunity to appear and have in fact done so.

Minn.Stat. § 257.62 provides that, in a case of the death of an alleged father, the court *shall*, upon the request of a party order the decedent's parents or brothers and sisters to submit to blood testing. It does not require that they be made parties to the lawsuit.

On October 4, 1985, appellant sought notice of review of the September 18, 1985 order. On October 7, 1985, he sought to dismiss his October 4, 1985 notice of review. Notice of appeal of the September 18, 1985 order was filed October 8, 1985 with the court of appeals.

## ISSUES

1. Is appeal made from an appealable order?

2. Did the trial court err in determining it had personal jurisdiction over appellant?

## ANALYSIS

■ 1. Respondent claims appellant's appeal from an order affirming denial of a motion to vacate is inappropriate for appellate review. She claims the order issued pursuant to motion was not a final determination. On October 29, 1985, this court issued an order denying respondent's motion to dismiss this appeal as taken from a nonappealable order. The September 18, 1985 order was concluded as final and affecting substantial rights of appellant. Appeal is therefore made from an appealable order. *See* Minn.R.Civ.App.P. 103.03(e).

Respondent claims appellate review of the trial court's personal jurisdiction and procedural requirements is inappropriate. She argues personal jurisdiction was determined by the February 16, 1984 and February 28, 1985 orders, both those orders were final and immediately appealable, appeal

was taken from neither order, the time to appeal from those orders has passed, and appellant is therefore barred from raising this issue on appeal.

■ On May 21, 1985, the seventh trial court remanded to a referee for determination whether service of summons and complaint was required. The trial court did not consider jurisdiction and procedure to be moot nor previous orders regarding those issues to be final. Neither do we.

2. Appellant claims this action should be dismissed because personal jurisdiction over him and his son and daughter was never obtained because they were never served with summons and complaint as required by civil procedure rules. Appellant claims he and his issue possess certain rights under Minn.Stat. § 257.62 (1984). Those rights include refusal of testing if a danger to health exists and assurance testing will be used for the sole purpose of establishing the child's right to public assistance. He claims the statute provides for assertion of those rights by requiring the putative father's relatives to be made party to the litigation and served with summons and complaint. Only by service and complaint would relatives have actual standing to protect their rights.

Respondent's cause of action is brought under the Minnesota parentage act. *See* Minn.Stat. §§ 257.51–.74.

An action under sections 257.51 to 257.74 is a civil action governed by the rules of civil procedure. * * * Sections 257.62 and 257.63 apply to proceedings under this section.

*Id.* § 257.65. Civil procedure requires service of summons and complaint to initiate any action. *See* Minn.R.Civ.P. 3.

Respondent asserts the action was commenced under rule 3 by service on the putative father, and therefore further service of summons and complaint on the others is not required. She argues personal service upon appellant and his issue of notice of motion and motion for testing and a subsequent order to show cause provided

adequate notice and an opportunity to be heard.

We disagree. Relatives of a deceased putative father must be served with summons and complaint before they can be required to submit to blood tests. The parentage act is governed by civil procedure rules which require service of summons and complaint.

A civil action is commenced against each defendant:

(a) when the summons is served upon that defendant * * *.

Minn.R.Civ.P. 3.01.

A copy of the complaint shall be served with the summons, except when the service is by publication as provided in Rule 4.04.

Minn.R.Civ.P. 3.02.

■ If the legislature intended that other family members could be ordered to take blood tests without service of a summons and complaint, it could have eliminated reference to the rules of civil procedure in Minn.Stat. § 257.65. It did not. We conclude relatives of a deceased putative father cannot be required to submit to blood tests absent proper service of summons and complaint.

3. Appellant briefed additional claims, asserting (1) respondent's cause of action did not survive discharge of the putative father's personal representative, (2) previous trial court orders regarding personal jurisdiction were not res judicata, (3) Minn. Stat. § 257.62, subd. 1 (1984) was improperly applied retroactively, (4) any subsequent action filed against appellant will be barred by statute of limitations in Minn.Stat. § 257.58, subd. 1, and (5) his state and federal constitutional due process and privacy rights have been violated. Because respondent's cause of action is to be dismissed for failure to serve appellant summons and complaint, we need not and do not reach these other issues.

## DECISION

Appeal was made from an appealable order. Appellant cannot be required to submit to blood testing absent service of summons and complaint as provided by statute and rules of civil procedure.

Dismissed.